UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TAKIA T. WALKER,

                     *Plaintiff,*

          -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER PEDRO DELEON, Shield
No.: 4959, POLICE OFFICER MICHAEL O'CONNOR, Shield
No.: 6790 and POLICE OFFICER JOHN DOE, individually and
in their official capacity as New York City Police Officers (the
name "John Doe" being fictitious, as the true name is presently
unknown),

                     *Defendants.*
------------------------------------------------------------------X

**AMENDED COMPLAINT**

**JURY TRAIL DEMANDED**

*Civil Action No.* 14CV1521 JPO/HBP

Plaintiff **TAKIA T. WALKER** by her attorneys **NOVO LAW FIRM, PC** complaining of Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR, and POLICE OFFICER JOHN DOE** respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff **TAKIA T. WALKER** seeks relief for Defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. Plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and § 1331, this being an action

seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Jurisdiction is also invoked herein pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

4. Plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5. Venue herein is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## JURY DEMAND

6. Plaintiff respectfully demands a trail by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff is 30 years old and at all times hereinafter mentioned was, and still is, a citizen of the United States residing at 700 Rosewood Street, #4G, in the City of Bronx, County of Bronx and State of New York.

8. Defendant **THE CITY OF NEW YORK** was, and still is, at all times relevant herein, a municipal corporation duly incorporated and existing under and by virtue of the laws of the State of New York.

9. Defendant **NEW YORK CITY POLICE DEPARTMENT** was, and still is, at all times relevant herein, a municipal corporation established and maintained by Defendant **THE CITY OF NEW YORK**.

10. Defendant **THE CITY OF NEW YORK** was, and still is, at all times relevant herein, a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is

ultimately responsible. Defendant **THE CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by Defendant **NEW YORK CITY POLICE DEPARTMENT**.

11. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** were, and still are, at all times relevant herein, duly appointed and acting officers, agents, servants, and employees of Defendant **NEW YORK CITY POLICE DEPARTMENT** a municipal agency of Defendant **THE CITY OF NEW YORK**.

12.. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** were, and still are, at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant **THE CITY OF NEW YORK** were acting for, and on behalf of, and with the power and authority vested in them by Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

13. Defendant **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** were, and still are, at all times relevant herein, male New York City Police Officers, assigned to the 47th precinct located at 4111 Laconia Avenue, Bronx, NY 10466.

14. Defendants **POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** are sued individually.

15. Upon information and belief and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and the place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on Plaintiff's behalf on the Comptroller of Defendant **THE CITY OF NEW YORK** and that, thereafter, said Comptroller for Defendant **THE CITY OF NEW YORK** refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that, thereafter, and within the time provided by law, this action was commenced.

16. Upon information and belief, pursuant to General Municipal Law §50(h), a hearing was held at the office of a designated agent.

## FACTS

17. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

18. On March 3, 2013, at approximately 3:00 A.M., Plaintiff was lawfully occupying her residence at the aforementioned address, in the County of Bronx, City of Bronx and State of New York.

19. At the above mentioned time and place, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE**, in plain clothes, without reasonable suspicion, without probable cause and without any threat or reasonable belief of unlawful activity, demanded that Plaintiff go with them to the precinct for questioning.

20. Plaintiff's requests to find a babysitter for her children were denied. Upon information and belief, Plaintiff asked if she could travel there separately. That request was also denied.

21. Plaintiff was then transported to the 47th precinct located at 4111 Laconia Avenue, in the County of Bronx, City of Bronx and State of New York.

22. Plaintiff was then unlawfully interrogated. Upon information and belief, Plaintiff fully cooperated with the questioning.

23. Plaintiff was not informed of nor read her Miranda Rights.

24. Plaintiff's requests to leave the precinct were denied. Plaintiff, was thus, conscious of the confinement.

25. Upon information and belief, Plaintiff was never told which charges, if any, she was facing.

26. Upon information and belief, After approximately seven (7) hours, Plaintiff was finally released.

27. On March 3, 2013, at approximately 7:00 P.M., Plaintiff was again lawfully occupying her residence at the aforementioned address, in the County of Bronx, City of Bronx and State of New York.

28. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** without reasonable suspicion, without probable cause and without any threat or reasonable belief of unlawful activity, proceeded to unlawfully arrest and handcuff her without any statement as to what she had done wrong and/or what, if any, crime(s) she had committed.

29. Humiliated and distraught, Plaintiff was again transported to the 47th precinct located 4111 Laconia Avenue, in the County of Bronx, City of Bronx and State of New York.

30. Plaintiff was then subject to unlawful pat downs and searches by Defendants **POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** without any probable cause or reasonable suspicion to do so.

31. Plaintiff was then fingerprinted, photographed, placed in a holding cell and otherwise ignored and denied any explanation for her detention.

32. After being held for multiple hours in the 47th precinct, Plaintiff was transported to Central Bookings where again, she was unlawfully fingerprinted, photographed, searched, and again placed into another holding cell.

33. Upon information and belief, at no point did Plaintiff resist arrest or disobey the arresting officer's commands.

34. Upon information and belief, while in custody, Plaintiff was denied food and water.

35. Upon information and belief, after well over twenty (20) hours of being detained without probable cause, under inhumane and otherwise unsanitary conditions, deprived of food, water and any reason or explanation, Plaintiff was finally released by Defendant **POLICE OFFICER DELEON PEDRO** who walked her out of Central Bookings via the back door.

36. Upon information and belief, while in Central Bookings, Plaintiff was not informed of, nor, read her Miranda Rights.

37. On March 7, 2013, the District Attorney declined to prosecute. There were no charges filed against Plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION and 42 U.S.C. § 1983
### BY THE CITY OF NEW YORK

38. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

39. At all times material to this complaint, Defendant **THE CITY OF NEW YORK** acting through its police department and through Defendants **POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** had in effect actual and/or *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

40. At all times material to this complaint, Defendant **THE CITY OF NEW YORK** acting through its police department, and through Defendants **POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** had in effect and/or *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise and discipline employees and police officers, and of failing to inform the individual Defendants' supervisors of the need to train, screen, supervise and discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

41. Defendant **THE CITY OF NEW YORK** acting through its police department, and through Defendants **POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** being aware that such lack of training, screening, supervision, and discipline leads to improper conduct, acted with deliberate indifference in failing to establish a program of effective training, screening, supervision and discipline. Defendant **THE CITY OF NEW YORK** being aware that the persistent and substantial risk of improper detention of persons based upon insufficient or incorrect information, and effective training, screening, supervision and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens, more specifically Plaintiff and which are officially tolerated by Defendant **THE CITY OF NEW YORK**. Such policies, practices, customs or usages were a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm/damages alleged herein, in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

42. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION and 42 U.S.C. § 1983
### BY NEW YORK CITY POLICE DEPARTMENT

43. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

44. At all times material to this complaint, Defendant **NEW YORK CITY POLICE DEPARTMENT** acting through Defendants **POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)**

and **POLICE OFFICER JOHN DOE** had in effect actual and/or *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

45. At all times material to this complaint, Defendant **NEW YORK CITY POLICE DEPARTMENT** acting through Defendants **POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** had in effect and/or *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise and discipline employees and police officers, and of failing to inform the individual Defendants' supervisors of the need to train, screen, supervise and discipline said Defendant'. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

46. Defendant **NEW YORK CITY POLICE DEPARTMENT** acting through Defendants **POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** being aware that such lack of training, screening, supervision, and discipline leads to improper conduct, acted with deliberate indifference in failing to establish a program of effective training, screening, supervision and discipline. Defendant **NEW YORK CITY POLICE DEPARTMENT** being aware that the persistent and substantial risk of improper detention of persons based upon insufficient or incorrect information, and effective training, screening, supervision and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens, more specifically Plaintiff and which are officially tolerated by Defendant **NEW YORK CITY POLICE DEPARTMENT**. Such policies, practices, customs or usages were a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm/damages alleged herein, in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

47. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific psychological and

emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION and 42 U.S.C. § 1983
### BY POLICE OFFICER DELEON PEDRO

48. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

49. By his conduct and actions in arresting, searching, imprisoning, failing to intercede on behalf of Plaintiff and in failing to protect her from the unjustified and unconstitutional treatment she received at the hands of Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE**, Defendant **POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959)** acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of Plaintiff's due process clause and constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

50. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION and 42 U.S.C. § 1983
### BY POLICE OFFICER MICHAEL O'CONNOR

51. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

52. By his conduct and actions in arresting, searching, imprisoning, failing to intercede on behalf of Plaintiff and in failing to protect her from the unjustified and unconstitutional treatment she

received at the hands of Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959)** and **POLICE OFFICER JOHN DOE**, Defendant **POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of Plaintiff's due process clause and constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

53. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A FIFTH CAUSE OF ACTION
DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION and 42 U.S.C. § 1983
BY POLICE OFFICER JOHN DOE**

54. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

55. By his conduct and actions in arresting, searching, imprisoning, failing to intercede on behalf of Plaintiff and in failing to protect her from the unjustified and unconstitutional treatment she received at the hands of Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959)** and **POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)**, Defendant **POLICE OFFICER JOHN DOE** acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of Plaintiff's due process clause and constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

56. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific psychological and

emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FALSE ARREST and FALSE IMPRISONMENT

57. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

58. By the actions described above, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** caused Plaintiff to be falsely arrested and falsely imprisoned without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of Defendants were the direct and proximate cause of injury and/or damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

59. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## DERELICTION OF DUTY, DEPRAVED INDIFFERENCE
## and FAILURE TO INTERCEDE

60. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

61. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** were under a duty of safeguarding the public and ensuring the appropriate execution of Defendant **NEW YORK POLICE DEPARTMENT**'s role. Plaintiff duly relied on Defendants' fulfillment of their policing duties.

62. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence.

63. At the time of the incident, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** were observing and aware of the wrongful acts against Plaintiff.

64. At the time of the incident, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** neglected to intervene on Plaintiff's behalf in dereliction of their duty to Plaintiff and in depraved indifference to Plaintiff's well-being.

65. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** violated Plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of Plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

66. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence by falsifying evidence of probable cause to arrest and prosecute Plaintiff.

67. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### THE COMMON LAW OF THE STATE OF NEW YORK
### VIA BATTERY

68. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

69. Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT,** are vicariously liable to Plaintiff for the individual Defendants' **POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** common tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

70. Defendants **POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** committed a battery on Plaintiff by being handcuffed, pushed, shoved, fingerprinted and searched. The deprivation of food, water and sanitary conditions while in custody, was harmful, unconsented, and unjustified and in so doing, Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law.

71. That by reason of the battery, Plaintiff was harmed physically and emotionally, all while unlawfully and illegally detained, and that Plaintiff was otherwise harmed as a result of the Defendants' actions.

72. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A NINTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHT
### UNDER NEW YORK STATE LAW
### VIA ASSAULT

73. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

74. That on the aforementioned date, time and place, Defendants **POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** committed the tort of assault against Plaintiff by causing her to be in fear and/or apprehension of imminent and offensive harm and in so doing, Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law

75. That Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** are vicariously liable to Plaintiff for the individual Defendants' **POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** common law tort of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

76. That by reason of the aforesaid committed by Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** Plaintiff suffered and continues to suffer physical injury and that she was otherwise damaged.

77. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A TENTH CAUSE OF ACTION**
**NEGLIGENCE**

78. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

79. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** negligently caused injuries and otherwise damaged Plaintiff. The acts and conduct of Defendants were the direct and proximate cause of injury to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

80. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
### VIOLATION OF SUBSTANTIVE DUE PROCESS

81. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as thought fully stated herein.

82. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** individually and collectively are liable pursuant to 42 U.S.C. § 1983 for abuses against Plaintiff that shock the conscience in violation of the Fourteenth Amendment to the United States Constitution.

83. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of Article 1, § 5 of the New York State Constitution.

84. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE**

individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of New York law, rules and regulations.

85. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered loss of quality and/or enjoyment of life, physical injury, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

86. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as thought fully stated herein.

87. At all times herein mentioned, Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** owed Plaintiff a duty to manage, control, and supervise Defendants **POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE**.

88. Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** negligently hired, screened, retained, disciplined, supervised and trained Defendants **POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE**.

89. At all times herein mentioned, Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** owed Plaintiff a duty to hire qualified and sufficient personnel in connection with the operation, management control, teaching at and/or supervision of Defendants **POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE**.

90. At all times herein mentioned, Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** owed Plaintiff a duty to train their employees so as to enable them to properly maintain order and control.

91. At all times herein mentioned, Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** owed Plaintiff a duty to promulgate proper and/or adequate rules and regulations governing the proper care, guidance and/or supervision to be provided and rendered by those agents, servants, officers and/or employees hired as New York City Police Officers.

92. At all times herein mentioned, Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** owed Plaintiff a duty to provide a safe and proper environment.

93. At all times herein mentioned, Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** owed Plaintiff a duty to prevent from being assaulted and battered while in their custody and control.

94. At all times relevant hereto, Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** and/or said Defendants' agents, servants, employees and/or licensees were, jointly, severally and concurrently, negligent, careless and reckless in individually and collectively breaching each and every duty owed to Plaintiff.

95. The aforesaid occurrence was caused wholly and solely by reason of the negligence of Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** and/or said Defendants' agents, servants, employees and/or licensees, without any fault or negligence on the part of Plaintiff contributing thereto.

96. Defendant **THE CITY OF NEW YORK** acting through Defendant **NEW YORK CITY POLICE DEPARTMENT** and through Defendants **POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** had *defacto* to policies, practices, customs and usage, which were a direct and proximate cause of the unconstitutional conduct alleged herein.

97. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered loss of quality and/or enjoyment of life, physical injury, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL HARM

98. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as thought fully stated herein.

99. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** negligently caused emotional distress and damage to Plaintiff. The acts and conduct of Defendants were the direct and proximate cause of emotional injury to Plaintiff and violated her statutory and common law rights as guaranteed by the laws in the U.S. Constitution, the Constitution of the State of New York, and under the Charter, laws, rules and regulations of the City of New York.

100. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered loss of quality and/or enjoyment of life, physical injury, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL HARM

101. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as thought fully stated herein.

102. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** knowingly, unreasonably and maliciously sought to disturb Plaintiff by their individual and collective outrageous conduct.

103. This conduct includes, without being limited to, assaulting and battering Plaintiff while she was bound by handcuffs in their custody; unreasonably detaining her; depriving her of food, water and proper medical care and subjecting her to multiple unreasonable searches and other intimidation tactics and violated her statutory and common law rights as guaranteed by the laws in the U.S.

Constitution, the Constitution of the State of New York, and under the Charter, laws, rules and regulations of the City of New York.

104. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER PEDRO DELEON (SHIELD NO. 4959), POLICE OFFICER MICHAEL O'CONNOR (SHIELD NO. 6790)** and **POLICE OFFICER JOHN DOE** have caused Plaintiff humiliation, anxiety, fear, sleeplessness and severe distress.

105. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered loss of quality and/or enjoyment of life, physical injury, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all Defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empanelling of a jury to consider the merits of the claims herein;

    d. Costs, interest and attorneys' fees;

    e. Such other further relief as this court may deem appropriate and equitable.

Dated:     New York, New York
             June 12, 2014

                                            Respectfully submitted,

                                            **NOVO LAW FIRM, PC**
                                            *Attorney for Plaintiff*

                                            By: Ellie A. Silverman, Esq. (4701868)
                                            299 Broadway, 17th Floor
                                            New York, New York 10007
                                            (212) 233-6686
                                            **File No. 13-13-3224**
                                            ellies@novolawfirm.com